IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PHYLLIS WELCH, ET AL.,**                                                                       **PLAINTIFFS**

**VS.**                                                                       **NO. 3:03CV119-NBB-EMB**

**THE COMMISSIONER OF**
**SOCIAL SECURITY,**                                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION

Pending before the Court in this Social Security appeal is defendant's motion to dismiss on the grounds of lack of personal jurisdiction, insufficiency of service of process, and insufficiency of service of process pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5). Plaintiffs failed to file a response within the time allowed under the rules of this Court. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

Plaintiffs' Social Security benefits Complaint seeks the review and reversal of a decision of an administrative law judge ("ALJ"), who found plaintiffs ineligible for survivor's benefits on account of Plaintiff Welch's deceased husband. According to the Complaint, plaintiffs were notified by the Office of Hearings and Appeals on March 21, 2003, that their request for review of the ALJ's unfavorable decision was denied. The Complaint further alleges plaintiffs responded to said denial but on May 6, 2003, were further informed that their request for review would not be acted upon. Plaintiffs filed their Complaint with this Court on July 3, 2003. The docket indicates plaintiffs served the United States Attorney's Office on April 22, 2005, and filed a proof of service by certified mail for the U. S. Attorney General on May 6, 2005.

It is well established that a party may seek "dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) [of the Federal Rules of Civil Procedure]." *Albany Ins. Co. v.*

*Almacenadora*, 5 Fd.3d 907, 909 (5th Cir.1993). Rules 12(b)(4) and 12(b)(5), respectively, provide defenses for insufficiency of process and insufficiency of service of process. FED.R. CIV.P. 12(b)(4), 12(b)(5).

Rule 12(b)(5), "insufficiency of service of process," governs objections that "deal with the manner in which service has been made. . . ." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D, § 1353, p. 277. Stated differently, Rule 12(b)(5) concerns the mode of delivery or lack of delivery of the summons and complaint. Rule 12(b)(4), on the other hand, concerns the form of process, such as a summons not properly containing the names of the parties. Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5).

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service. When service of the Complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is also appropriate. Rule 4(m) provides, in pertinent part:

> Time Limit for Service. If service of the summons and the complaint is not made upon the individual defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

In this case, plaintiffs did not perfect service upon the United States by serving the United States Attorney's Office and the United States Attorney General's Office pursuant to FED.R. CIV.P. 4(i)(1)(A-B) during the 120-day service period under Rule 4(m) after filing the Complaint. The 120-day service period expired on October 31, 2003. There is no record in this case indicating plaintiffs ever requested an enlargement of the service period, nor have they shown

2

any good cause or excusable neglect for not meeting the 120-day service requirement. Based on the foregoing, service of process within the 120-day period was insufficient; and, thus, this Court is without personal jurisdiction over the defendant. Accordingly, it is recommended that the defendant's motion to dismiss pursuant to Fed.R.Civ.P 12(b)(2) and 12(b)(5) be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 16th day of June, 2005.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**